UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEDRO NUNEZ,

                Plaintiff,

                v.

664 WEST 161ST STREET HOUSING
DEVELOPMENT FUND CORPORATION,

                Defendant.

No. 24-CV-9156 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff brought this Fair Labor Standards Act case on November 30, 2024 and properly served Defendant. After initially failing to respond, Defendant filed an Answer on February 27, 2025. Defendant's counsel did not respond to discovery requests and failed to appear for a scheduled discovery conference before Judge Netburn, to whom this case is referred for general pretrial purposes. On December 4, 2025, Judge Netburn issued an order to show cause as to why she should not recommend that Defendant's Answer be stricken and a certificate of default judgment be entered against Defendant. Dkt. No. 31. Defendant's counsel did not respond, and on December 29, 2025, Judge Netburn issued a report and recommendation (the "Report"), recommending that, pursuant to Federal Rule of Civil Procedure 37, Defendant's Answer be stricken and default judgment be entered. Dkt. No. 32 (Report). The Report was thorough and well-reasoned: Defendant had seemed, as Judge Netburn noted at the time, to have abandoned the case. *Id.* at 5–6 (discussing the factors set forth in *Agiwal v. Mid Island Mort. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)).

On January 28, 2026, however, shortly after Judge Netburn issued the Report, Defendant retained new counsel. Dkt. No. 34 (Notice of Appearance). Counsel immediately sought leave to

file objections to the Report, Dkt. No. 35, and timely filed such objections after mediation in this case failed. Dkt. No. 51 (Def.'s Objection). In a brief and in affidavits from Defendant's employees and former counsel, Defendant explains that its prior counsel, Gerald Pigott, failed to properly represent it because of personal circumstances relating to his wife's health. Def.'s Objection at 2–3. During the period leading up to the Report., Mr. Pigott's practice "deteriorated." *Id.* at 2. Mr. Pigott did not inform Defendant of the December 4, 2025 order to show cause, nor of Defendant's failure to participate in discovery. *Id.* at 3.

Because of the unique circumstances involving Defendant's representation—all unbeknownst to Judge Netburn at the time she issued the Report—and because Defendant's new counsel appears to be fully engaged in litigating this case—the Court does not adopt the Report and declines to strike the Answer or enter a default judgment. As to next steps, the Court defers to Judge Netburn, to whom this matter remains referred for general pretrial purposes.

SO ORDERED.

Dated:      June 11, 2026
            New York, New York

_____
Ronnie Abrams
United States District Judge